**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| AZJA BANKS,<br><br>                    Plaintiff,<br><br>      v.<br><br>UNIVERSITY OF ALASKA, et al.<br><br>                  Defendants. | Case No. 3:23-cv-00082-SLG |

## ORDER RE MOTION TO DISMISS

Before the Court at Docket 13 is a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(4) filed by Defendant University of Alaska (""UA") on January 24, 2024.[1] Plaintiff filed an opposition to the motion on February 6, 2024,[2] and UA replied on February 12, 2024.[3] UA seeks to dismiss Plaintiff's claims, in their entirety, or alternatively seeks an order directing Plaintiff to perfect service in a timely manner.[4]

---

[1] According to UA, the Board of Regents and the University of Alaska Anchorage "fall under the umbrella" of the University of Alaska. Docket 13 at 1. Plaintiff's complaint names the University of Alaska Anchorage as one defendant, and University of Alaska Board of Regents and University of Alaska System as another defendant.

[2] Docket 14.

[3] Docket 15.

[4] Docket 13 at 1.

The Alaska Constitution created and established a public corporation—the University of Alaska—as the state university.[5] The University of Alaska is governed by a board of regents.[6] The Board of Regents was also established by the Alaska Constitution and "is responsible for University of Alaska policy and management through the University President."[7] The Board members are appointed by the Governor and confirmed by the Alaska Legislature.[8]

The General Counsel serves as the chief legal officer for the Board of Regents and the University.[9] Although the University may "'sue and be sued' in its own name[,]" the University "is an integral part of the state government and an instrumentality of the state in performing its educational function."[10] As the Alaska Supreme Court has explained, "[e]ven where created as a corporate entity, a state university, because of its relation to the state, is a mere agent or instrumentality of the state to carry out its public purpose."[11]

---

[5] Alaska Const. art. VII, s 2.

[6] Alaska Const. art. VII, s 3.

[7] University of Alaska, Board of Regents Members, *available at* https://www.alaska.edu/bor/members (last visited Jan. 13, 2024).

[8] *Id*.

[9] University of Alaska, Board of Regents Policy P02.02.030, *available at* https://www.alaska.edu/bor/policy-regulations/chapter-02-02-officers-university.php (last visited February 13, 2024); *see also* General Counsel, University of Alaska, *available at* https://www.alaska.edu/counsel (last visited Feb. 13, 2024).

[10] *Univ. of Alaska v. Nat'l Aircraft Leasing, Ltd.,* 536 P.2d 121, 128 (Alaska 1975).

[11] *Id.* at 126.

Case No. 3:23-cv-00082-SLG, *Banks v. UAA, et al.*
Order re Defendant's Motion to Dismiss
Page 2 of 7

The documents filed by Plaintiff on January 23, 2024, indicate Plaintiff attempted to effect service by certified mail on University of Alaska Anchorage and the Board of Regents by sending the complaint and summons by certified mail addressed to each of these entities.[12] However, UA is correct that UA, including its Board of Regents and Anchorage campus, is not a corporation that can be served pursuant to Rule 4(h) of the Federal Rules of Civil Procedure. Rather, service on UA and its sub-entities must be in accordance with Federal Rule of Civil Procedure 4(j)(2).[13] This means service is only perfected by delivering a copy of the summons and complaint to UA's Chief Executive Officer: the President of the University.[14] The University of Alaska Office of the General Counsel is authorized to accept service on the President's behalf.[15]

Because Plaintiff did not serve a copy of the Complaint and Court-issued summonses on the President of the University or the President's designee, the Court finds that Defendants have not been properly served with process. "A finding of insufficient service of process, however, does not mean an automatic granting

---

[12] Dockets 10, 11.

[13] Fed. R. Civ. P. 4(j)(2) ("A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.").

[14] Docket 13 at 1. *See also* Fed. R. Civ. P. 4(j)(2(B); Alaska Civil Rule 4(d)(9).

[15] Docket 13 at 1-2.

Case No. 3:23-cv-00082-SLG, *Banks v. UAA, et al.*
Order re Defendant's Motion to Dismiss
Page 3 of 7

Case 3:23-cv-00082-SLG   Document 16   Filed 02/28/24   Page 3 of 7

of dismissal in favor of Defendant[s]."[16] "Good cause to avoid dismissal may be demonstrated by establishing, at a minimum, excusable neglect," and may be supported by a further showing that "the party to be served personally received actual notice of the lawsuit," "the defendant would suffer no prejudice," and the "plaintiff would be severely prejudiced if his complaint were dismissed."[17] Further, self-represented litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings.[18]

The Office of the General Counsel for the University of Alaska filed a notice of appearance on behalf of all defendants.[19] Although a notice of appearance filed in federal court does not by itself waive service of process,[20] an "appearance ordinarily is an overt act by which the party comes into court and submits to the jurisdiction of the court."[21] Therefore, Defendants have received actual notice of

---

[16] *Morris v. Barra,* Case No. 10-CV-2642-AJB (BGS), 2014 WL 29721, at *18 (S.D. Cal. 2014).

[17] *Lemoge v. United States.*, 587 F.3d 1188, 1198 n.3 (9th Cir. 2009) (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

[18] *Crowley v. Bannister,* 734 F.3d 967, 975 (9th Cir. 2013) ("[A] district court abuses its discretion when... it dismisses a complaint… for lack of service without first giving notice to the plaintiff and providing an opportunity for [him] to show good cause for the failure to effect timely service.") (citations omitted).

[19] *Cf.* Fed. R. Civ. P. 5(b) ("If a party is represented by an attorney, service […] must be made on the attorney.").

[20] *Jones-Rankins v. Cardinal Health, Inc.,* Case No. CV 10-01626-PHX-FJM, 2011 WL 1253257, at *2 (D. Ariz. 2011). ("A notice of appearance in federal court does not waive service of process as long as the defendant preserves the defense of insufficient process in its first responsive pleading.").

[21] *Benny v. Pipes,* 799 F.2d 489, 492 (9th Cir. 1986), *amended,* 807 F.2d 1514 (9th Cir. 1987).

Case No. 3:23-cv-00082-SLG, *Banks v. UAA, et al.*
Order re Defendant's Motion to Dismiss
Page 4 of 7

Case 3:23-cv-00082-SLG   Document 16   Filed 02/28/24   Page 4 of 7

this lawsuit, and it does not appear Defendants have been materially prejudiced by the service defect. Further, Plaintiff has made a good faith effort to comply with Rule 4, and there is a reasonable prospect that the Plaintiff will be able to perfect service.

**IT IS THEREFORE ORDERED:**

1. Defendant UA's motion to dismiss this action at Docket 13 is **DENIED.** However, the Court grants Defendant's alternative request to direct Plaintiff to perfect service in a timely manner.

2. Plaintiff shall proceed with the steps outlined in this order to ensure that service of process on each of the Defendants is completed no later than **sixty (60) days** from the date of this order.[22]

3. The Clerk of Court shall send **two summonses** (AO 440) to Plaintiff with this order.

4. To complete each summons properly, Plaintiff must include all of the following on each form:

    a. At the top the form, above "SUMMONS IN A CIVIL ACTION," enter the information as found on the first page of this order:

    i. <u>the name of the Court</u> (at the very top middle of the page, after "United States District Court for the District of Alaska"); and

---

[22] *See* Fed. R. Civ. P. 4(m).

Case No. 3:23-cv-00082-SLG, *Banks v. UAA, et al.*
Order re Defendant's Motion to Dismiss
Page 5 of 7

Case 3:23-cv-00082-SLG   Document 16   Filed 02/28/24   Page 5 of 7

ii. <u>the parties' complete full names</u> (above Plaintiff(s) v. Defendant(s), respectively); and

iii. <u>the case number</u>, after "Civil Action No."

b. As to who the summons is "To," Plaintiff should complete one summons for each defendant. Plaintiff should write the full name and mailing address for each defendant.

c. After the paragraph ending, "The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are" on the summons form, enter the name and the address of the address at which any answer or motion should be served on Plaintiff. If Plaintiff retains an attorney, that attorney's name and address information should be entered here. If Plaintiff continues to be self-represented, then Plaintiff's mailing address should be entered.

5. After Plaintiff completes the required summonses, she should mail or bring them to the U.S. District Court at:

> 222 West 7th Avenue, #4
> Anchorage, Alaska 99513

If the summonses have been properly completed, they will then be issued by the Clerk of Court for service. Plaintiff should make copies for her records.

6. Within **sixty (60) days of the date of this order,** Plaintiff shall ensure the Court-issues summonses, copies of the Complaint, and copies of this order are served on the University of Alaska Office of General Counsel at:

> 2025 Yukon Drive
> 203 Butrovich Building
> Fairbanks, Alaska 99775-5160

7. The requirements of service are not completed until the proof of service has been submitted to the Court within **sixty (60) days** of this order.

Case No. 3:23-cv-00082-SLG, *Banks v. UAA, et al.*
Order re Defendant's Motion to Dismiss
Page 6 of 7

Case 3:23-cv-00082-SLG   Document 16   Filed 02/28/24   Page 6 of 7

DATED this 28th day of February, 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00082-SLG, *Banks v. UAA, et al.*
Order re Defendant's Motion to Dismiss
Page 7 of 7

Case 3:23-cv-00082-SLG   Document 16   Filed 02/28/24   Page 7 of 7