# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

AZJA BANKS,

        Plaintiff,

   v.

UNIVERSITY OF ALASKA ANCHORAGE, *et al.*,

        Defendants.

Case No. 3:23-cv-00082-SLG

## ORDER RE 12(b)(6) MOTION TO DISMISS

Before the Court at Docket 18 is the University of Alaska's 12(b)(6) Motion to Dismiss. Plaintiff responded in opposition to the motion at Docket 22 to which the University of Alaska replied at Docket 23. A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure "for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'"[1] When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff.[2] While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[1] *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

[2] *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).

plausible on its face.' "[3] A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4]

When a court dismisses a complaint under Rule 12(b)(6), it must then decide whether to grant leave to amend. Under Rule 15(a), leave to amend "shall be freely given when justice so requires."[5] However, a court may deny leave to amend for reasons of "repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[6] Amendment may be considered futile when the claims lack a cognizable legal basis[7] or when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."[8]

The motion is granted in so far as the University seeks dismissal of all claims under 42 U.S.C. § 1983. Although Ms. Banks filed her complaint using the Court's form for Complaint for Violation of Civil Rights and alleged certain constitutional

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[4] *Id.*

[5] Fed. R. Civ. P. 15(a)(2).

[6] *Foman v. Davis,* 371 U.S. 178, 182 (1962).

[7] *See Shermoen v. United States*, 982 F.2d 1312, 1319 (9th Cir. 1992).

[8] *Missouri ex rel. Koster v. Harris*, 849 F.3d 646, 656 (9th Cir. 2017) (internal quotation omitted).

Case No. 3:23-cv-00082-SLG, *Banks v. University of Alaska Anchorage, et al.*
Order re. 12(b)(6) Motion to Dismiss
Page 2 of 4
Case 3:23-cv-00082-SLG   Document 24   Filed 07/02/24   Page 2 of 4

violations by the University, she also clearly alleged that she was seeking redress under Title IX in connection with a Title IX complaint a resident advisor had presented to the University on her behalf in November 2016.[9]

Further, in her opposition to the motion to dismiss, Ms. Banks makes clear that the "nature of this complaint in its entirety involv[es] the defendant's violations of Title IX" as to which claims the University is not immune. The University appears to acknowledge that it has no immunity for Title IX claims.[10]

Clearly, allowing Ms. Banks leave to file an amended complaint would not be futile in this case. Therefore, Ms. Banks is accorded 30 days from the date of this order in which to file an amended complaint that states a cause of action under Title IX and states that Title IX is the jurisdictional basis for this action.

An amended complaint replaces the prior complaint in its entirety.[11] Any claim not included in the amended complaint will be considered waived. However, an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[12] An amended complaint need not contain legal research or analysis, but it must contain sufficient facts that state a

---

[9] Docket 1 at 4, 7.

[10] Docket 23 at 3.

[11] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

[12] Fed. R. Civ. P. 8(a)(2).

Case No. 3:23-cv-00082-SLG, *Banks v. University of Alaska Anchorage, et al.*
Order re. 12(b)(6) Motion to Dismiss
Page 3 of 4
Case 3:23-cv-00082-SLG   Document 24   Filed 07/02/24   Page 3 of 4

plausible claim for relief. A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

Although Plaintiff has been given the opportunity to file an amended complaint, she shall not unjustifiably expand the scope of the case by alleging new unrelated claims.[13] An amended complaint may not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis. An amended complaint must set out each claim for relief separately. Each claim should identify (1) the specific injury that the plaintiff is alleging has occurred, (2) when that injury occurred, (3) where that injury was caused, and (4) who the plaintiff is alleging caused that specific injury.

For the foregoing reasons, IT IS ORDERED that the motion to dismiss at Docket 18 is GRANTED, but Plaintiff is accorded leave to file an amended complaint in accordance with this order within 30 days of the date of this order.

DATED this 2nd day of July 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[13] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Case No. 3:23-cv-00082-SLG, *Banks v. University of Alaska Anchorage, et al.*
Order re. 12(b)(6) Motion to Dismiss
Page 4 of 4
Case 3:23-cv-00082-SLG   Document 24   Filed 07/02/24   Page 4 of 4